IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-CV-00146-RLV

| | |
|---|---|
| ALICE LOUISE GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** is Plaintiff's Motion for Approval and Award of Attorney's Fees. (Doc. 20). In this motion, Plaintiff seeks payment of additional attorney's fees to counsel from the past due benefits awarded to Plaintiff. Defendant has filed a response to the Plaintiff's motion, in which Defendant does not oppose the payment of a reasonable fee to Plaintiff's counsel (Doc. 22 at 3). However, Defendant requests, in accordance with the United States Supreme Court's ruling in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), that Plaintiff's counsel return attorney's fees previously awarded to him by this Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to Plaintiff, should this Court award Plaintiff's counsel a reasonable fee. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

By previous order of this Court, attorney's fees in the amount of $5,023.80 were awarded to Plaintiff pursuant to the EAJA. (Doc. 19). In this motion, Plaintiff's counsel seeks an additional

---
[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action need be taken. *See* 42 U.S.C. § 405(g).

1

payment of attorney's fees under the Social Security Act, 42 U.S.C. § 406 (b). § 406 (b) permits this Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." The Social Security Administration, on remand from this Court, issued a Notice of Award to Plaintiff, advising she is entitled to past-due benefits amounting to $67,893.00. (Docs. 20 at 2, 20-3). According to Plaintiff's "Retainer Agreement" with counsel, Plaintiff's counsel is entitled to fees amounting to 25% of this award or $6,000, whichever is lesser. (Doc. 17-2). Plaintiff's counsel is also entitled to reimbursement for "all necessary costs", including costs of obtaining medical records. *Id.* Pursuant to this agreement, Plaintiff's counsel seeks $6,000 and $266.71 for reimbursement for funds advanced by counsel to obtain medical records. (Doc. 20 at 2).

Upon application, courts should review contingency fee agreements, such as the one at bar, under a reasonableness standard. *See Gisbrecht*, 535 U.S. at 809; *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). In reviewing reasonableness of such agreements, a court should consider: (1) the overall complexity of the case; (2) the lawyering skills necessary to handle it effectively; (3) the risk involved; and (4) the significance of the result achieved. *See Mudd*, 418 F.3d at 428.

The Court notes here that Defendant does not oppose payment of a reasonable fee, pursuant to § 406(b), to Plaintiff's counsel in this matter. (Doc. 22 at 3). The Court has carefully reviewed this evidence, and considering the record and case as a whole, finds the requested fee and hours spent on this matter to be reasonable under the circumstances. *See, e.g.*, *Rogers v. Astrue*, No: 5:12-CV-00003-RLV-DCK, 2015 WL 9239000 (W.D.N.C. Dec. 17, 2015) (Voorhees, J.).

However, when attorney's fees are awarded under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796. In this case, the previously awarded attorney's fee of $5,023.80, as the smaller of the two fees recovered,

must be refunded to Plaintiff by Plaintiff's counsel. Additionally, Plaintiff's counsel is entitled to reimbursement of the cost of obtaining medical records, amounting to $266.71.

Accordingly, the Court will award Plaintiff's counsel $6,000.00 for attorney's fees under 42 U.S.C. § 406(b), orders Plaintiff's counsel to reimburse Plaintiff $5,023.80 previously awarded to him as attorney's fees under the EAJA, and orders Plaintiff to reimburse Plaintiff's counsel for the costs of obtaining medical records, which amounts to $266.71.

**IT IS SO ORDERED.**

Signed: May 25, 2017

Richard L. Voorhees
United States District Judge